# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,                               Case No.

v.                                         Honorable

MEMORIAL HEALTHCARE,        **COMPLAINT**
                                               **AND JURY DEMAND**

    Defendant.
_____/

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of religion, and to provide appropriate relief to Yvonne Bair who was adversely affected by such practices. The United States Equal Employment Opportunity Commission alleges that, as set forth more fully below in paragraphs 12-22, Memorial Healthcare (hereinafter "Defendant") failed to provide a reasonable accommodation to the known religious practices of Bair, who is a follower of Jesus Christ, and

rescinded her offer of employment as a medical transcriptionist.

## **JURISDICTION AND VENUE**

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## **PARTIES**

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant, (the "Employer") has

continuously been a Michigan non-profit corporation doing business in the State of Michigan and the City of Owosso, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Yvonne Bair filed a charge with the Commission alleging violations of Title VII by Defendant Employer.

7. On July 28, 2017, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to

3

remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

10. On November 29, 2017, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least March 2016, Defendant Employer has engaged in unlawful employment practices at its Owosso, Michigan facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

13. Bair has a sincerely-held religious belief that, as a follower of Jesus Christ, she cannot inject or ingest foreign substances in her body and must rely on natural methods for health.

14. On January 5, 2016, Bair applied for a medical transcriptionist position with the Defendant which would involve

working at home.

15. She was interviewed on January 15, 2016 and offered the position on March 8, 2016.

16. The position was scheduled to begin on April 4, 2016 and involved two months of training at the Defendant's hospital in Owosso, Michigan.

17. At her medical exam on March 21, 2016 Bair learned of Defendant's mandatory vaccination requirement for flu season, which required flu shots for those working between December 1 and April 1.

18. Bair informed Defendant of her religious beliefs regarding injection or ingesting of foreign substances. However, Bair offered to wear a mask during flu season.

19. On the same day, Bair submitted an affidavit setting forth her religious beliefs to Defendant's Human Resources department.

20. Later that same day, Bair was told a mask was unacceptable despite the existence of an exception to Defendant's policy authorizing masks for those unable to take flu inoculations

for medical reasons.

21. On March 24, 2016, the Defendant's Human Resources manager contacted Bair stating they would look into accommodations, but pushed back the start date to May 1, 2016.

22. On April 1, 2016, the Defendant's Human Resources Manager told Bair that it was willing to offer a nasal spray as an accommodation. Bair stated that this was unacceptable but again offered to wear a mask. Later that day, Defendant withdrew the job offer.

23. The effect of the practices complained of in paragraphs 12-22 above have been to deprive Bair of equal employment opportunities and otherwise adversely affect her status as an employee because of her religious beliefs.

24. The unlawful employment practices complained of in paragraphs 12-22 above were intentional.

25. The unlawful employment practices complained of in paragraphs 12-22 above were and are done with malice or with reckless indifference to the federally protected rights of Bair.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons of all religions, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order the Defendant Employer to make whole Bair, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstating her employment.

D.  Order Defendant Employer to make whole Bair by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12-22 above, in amounts to be proven at trial.

E.   Order Defendant Employer to make whole Bair by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 12-22 above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, in amounts to be proven at trial.

F.   Order Defendant Employer to pay Bair punitive damages for its malicious or reckless conduct described in paragraphs 12-22 above, in amounts to be proven at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

DATED: February 13, 2018

/s/ Kenneth Bird\_\_\_
KENNETH BIRD
Regional Attorney


/s/ Omar Weaver\_\_\_\_
OMAR WEAVER (P58861)
Supervisory Trial Attorney


/s/ Dale Price_____
DALE PRICE  (P55578)
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION
Patrick V. McNamara Building
477 Michigan Avenue,
Room 865
Detroit, Michigan 48226
(313) 226-7808